# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 10-21195-JAD |
| BARBARA LEE MONTELEONE, | : | Chapter 13 |
| Debtor. | : | |
| | | |
| BARBARA LEE MONTELEONE, | : | |
| Movant, | : | Document# 232 |
| v. | : | |
| A-K VALLEY FEDERAL CREDIT UNION, | : | |
| Respondent. | : | |

## MEMORANDUM ORDER

And now, this 12th day of December, 2013, a hearing having been held on the *Motion for Relief Pursuant to Bankruptcy Rule 9024* (the "Motion") filed by movant Barbara Lee Monteleone (the "Movant"), and for the reasons set forth below, the Court hereby denies the Motion.

Through its Motion, the Movant argues that the Court lacked jurisdiction to enter certain verbiage contained in an order dated May 3, 2013 (the "Order"), which granted the respondent, A-K Valley Federal Credit Union (the "Movant") relief from stay. The verbiage at issue reads: "upon entry of this Order of Court, the Movant shall be permitted to take those steps necessary to enforce the current Judgment in Mortgage Foreclosure entered with the Court of Common Pleas of Westmoreland County, Pennsylvania." (Doc. # 177). The

{00010950.DOC}

Movant asserts that such language "modif[ied] the partys' substantive rights concerning the mortgage obligation," without jurisdiction to do so pursuant to Stern v. Marshall, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (2011).

The Court initially notes that the Movant failed to identify the specific Federal Rule of Civil Procedure upon which the Movant's argument is based, but rather cites generally to Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024.  The Court finds that the language of the Motion suggests that the Movant seeks relief from the Order pursuant to Federal Rule of Civil Procedure 60(b), which provides that courts may "relieve a party or its legal representative from a final judgment, order, or proceeding" when the judgment is void, or for any other reason that justifies relief.  Fed. R. Civ. P. 60(b); see Fed. R. Bankr. P. 9024; Doc. # 177, ¶ 21).

The Court also recognizes that the Movant never appealed the Order, instead waiting over six months to file the instant Motion.  As a general matter, Rule 60(b) "is not meant to be a substitute for an appeal." In re Drumm, 329 B.R. 23, 31 (Bankr. W.D. Pa. 2005).   Stern v. Marshall was decided well in advance of the entry of the Order.  The Movant's argument, if it did exist, was known or should have been known by the Movant before the Order was entered, and as such should have been raised in the form of an appeal.

More importantly, the Court finds that the Movant's argument that the Court lacked jurisdiction to enter said verbiage is without merit.  The Order was signed by the Honorable Judith K. Fitzgerald after a hearing on the matter

was held before her on May 3, 2013. (See Doc. # 176). The Court had jurisdiction to enter the Order, as the Order did not finally adjudicate an Article III "case or controversy." For example, it did not finally adjudicate a private right of action, N. Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982) (breach of contract action was a private right of action that the bankruptcy courts could not finally adjudicate without litigants' consent), nor did it finally adjudicate a tort claim, Stern v. Marshall, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (2011) (court lacked authority to finally adjudicate a claim for tortious interference of an intervivos gift absent the parties' consent).

All that the Order did was grant the creditor relief from stay to enforce a judgment entered in the Court of Common Pleas of Westmoreland County, Pennsylvania. If the Movant has defenses to that judgment, the Movant can present such defenses in the Court of Common Pleas of Westmoreland County, Pennsylvania.

The Court had jurisdiction to enter the Order, and there is no basis to grant the Movant's Motion; the Motion is therefore denied.

**Date**: December 12, 2013      /s/ Jeffery A. Deller
                                 **JEFFERY A. DELLER**
                                 United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
  David A. Colecchia, Esq.
  Barbara Lee Monteleone
  Robert J. Colaizzi, Esq.
  Ronda J. Winnecour, Esq.
  Office of the United States Trustee

FILED

DEC 1 2 2013

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA